# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) No. |
| | ) |
| **ADRIAN D. DAVIS,** | ) |
| | ) |
| **Defendant.** | ) |

## INFORMATION

The United States Attorney charges:

## INTRODUCTION

At all times material to this Information:

1. All Nations Worship Assembly ("ANWA") was a church in Huntsville, Alabama, within the Northern District of Alabama.

2. **ADRIAN D. DAVIS ("DAVIS")** was the lead pastor at ANWA, and he also served as a marketing consultant for ANWA. As compensation for his services to ANWA, **DAVIS** received a salary and a parsonage.

## COUNT ONE
## Wire Fraud
## 18 U.S.C. § 1343

3. The factual allegations in paragraphs 1-2 of this Information are re-alleged as though fully set forth herein.

4.      Between 2018 and 2020, within the Northern District of Alabama, and elsewhere, the defendant,

**ADRIAN D. DAVIS**,

with intent to defraud, knowingly devised and intended to devise a scheme and artifice to defraud ANWA out of money and funds and to obtain money and funds from ANWA by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

5.      It was part of the scheme that beginning in or around 2018, **DAVIS** began using ANWA funds without authority for his personal benefit. Although ANWA authorized **DAVIS** to receive a salary and a parsonage, ANWA did not authorize **DAVIS** to use ANWA for personal expenses.

6.      It was further part of the scheme that in 2018, **DAVIS** used ANWA funds to purchase an Audi A7 vehicle in the amount of $30,920, and he spent more than $4,000 on miscellaneous entertainment and retail items not approved by ANWA.

7.      It was further part of the scheme that in 2019, **DAVIS** used ANWA funds to purchase a 2016 GMC Yukon in the amount of $45,982, and he spent more than $31,000 on miscellaneous entertainment and retail items not approved by ANWA. **DAVIS** also used more than $10,000 of ANWA funds to pay for a mortgage

on a home for his mother. While ANWA approved a parsonage for **DAVIS**, it did not approve paying a mortgage on a separate home for **DAVIS'** mother. Finally, **DAVIS** used ANWA funds to make 41 payments to American Express totaling more than $117,000 to pay off **DAVIS'** personal credit card. Purchases that **DAVIS** made on this card—that ANWA funds paid off—include a $4,970.15 purchase from Louis Vuitton and a $5,300.00 purchase from Flight Club, a shoe store in New York.

8. It was further part of the scheme that in 2020, **DAVIS** used ANWA funds to pay off a Synchrony Bank credit card in the amount of $18,530 that he had used to purchase jewelry, and he spent more than $7,000 on miscellaneous entertainment and retail items not approved by ANWA. **DAVIS** also used more than $14,000 of ANWA funds to pay for a mortgage on a home for his mother. Finally, **DAVIS** used ANWA funds to make 44 payments to American Express totaling more than $151,000 to pay off **DAVIS'** personal credit card. Purchases that **DAVIS** made on this card—that ANWA funds paid off—include a $29,900 purchase from Hublot, a $28,000 purchase from Peter Marco, and a $6,022.50 purchase from Louis Vuitton.

9. It was further part of the scheme that, in total, **DAVIS** used more than $400,000 in ANWA funds for personal purposes without authorization.

## THE WIRE COMMUNICATION

17. On or about October 19, 2020, within the Northern District of Alabama, and elsewhere, the defendant,

**ADRIAN D. DAVIS**,

for the purpose of executing the above-described scheme and artifice, did knowingly transmit and cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals and communications, that is, Defendant **ADRIAN D. DAVIS** caused an interstate wire communication between Alabama and another state to be made for the electronic transfer of funds, to wit, a $13,663.14 payment from ANWA's bank account at Redstone Federal Credit Union ending in -981 to American Express to pay off **DAVIS'** personal credit card ending in -91007.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
**Filing a False Tax Return**
**26 U.S.C. § 7206(1)**

18. On or about March 29, 2021, in the Northern District of Alabama, and elsewhere, **ADRIAN D. DAVIS** willfully made, subscribed, filed, and caused to be filed with the Internal Revenue Service, a false U.S. Individual Income Tax Return, Form 1040, for calendar year 2020, which was verified by a written declaration that it was made under the penalties of perjury and which **DAVIS** did not believe to be true and correct as to every material matter. That tax return reported that **DAVIS** received $138,621 in total income, whereas, as **DAVIS** knew, he received total income in excess of $138,621.

All in violation of Title 26, United States Code, Section 7206(1).

## NOTICE OF FORFEITURE:
### [18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c)]

The United States further charges:

1. The allegations of paragraphs 1-17 of this Information are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), 982(a)(2)(A), and 28 United States Code, Section 2461(c).

2. Pursuant to Rule 32.2(a), Fed. R. Crim. P., the defendant is hereby notified that, pursuant to 18 United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and 28 United States Code, Section 2461(c), the defendant,

**ADRIAN D. DAVIS**,

upon conviction of Count One in this Information, shall forfeit to the United States any property, real or personal, that constitutes or is derived from, directly or indirectly, proceeds traceable to the commission of the said violations, including but not limited to a forfeiture money judgment representing the amount of proceeds obtained as a result of the offenses alleged.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

    PRIM F. ESCALONA
    United States Attorney


*/s/ Ryan S. Rummage*
RYAN S. RUMMAGE
Assistant United States Attorney